Pee Cukiam.
This was an action of replevin for a carriage and pair of horses, in the circuit court of Madison county.
An exception was taken during the trial, to the admission of a bill of exchange in evidence, drawn on P. D. Hilzheim, and accepted by him. He had been the previous owner of the carriage and horses, and had sold them to Marcus Hilzheim. The testimony could only have been offered to show that the sale was fraudulent.
No creditor but one who has a lien by judgment or otherwise, can attack a sale and transfer of personal property as fraudulent. The right of the owner to sell is indisputable, if no fraud mingle in the transaction. It is not necessary that the lien should exist at the time of the sale, if it be subsequently acquired ; the sale may be impeached for fraud, if the debt existed at the time of the transfer.
If there be no right in law and by suit to set aside the sale under the circumstances disclosed in this case, a party cannot take the remedy into his own hands, and seize and hold the property. Such a course would jeopardize the order and harmony of society.
For the improper admission of this testimony, the judgment will be reversed and new trial awarded.
From the inartificial manner in which the record is made out, it is not possible to say what charges were given, or what refused by the court. Indeed it states that some were both given and refused. In this state of things, we will not remark upon them, as there is really nothing intricate in the law on the subject.
Judgment reversed and new trial granted.